IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DAREL ADELSBERGER
AND ANNETTE ADELSBERGER

PLAINTIFFS

V.  Case No. 4:21-cv-471

UNION PACIFIC RAILROAD COMPANY

DEFENDANT

## UNION PACIFIC RAILROAD COMPANY'S ANSWER TO COMPLAINT

COMES NOW, Defendant, Union Pacific Railroad Company, and for its Answer to Plaintiffs' Complaint states and alleges the following:

1. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 1 of the Complaint, and therefore denies the same.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant denies the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits that it uses and is responsible for maintaining certain railroad tracks and facilities in the state, including the track that passes through Section 2, Township 2 North, Range 11 West, Pulaski County, but denies the remaining allegations contained in paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in paragraph 5 of the Complaint.

1

6. Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in the wherefore clause of the Complaint.

16. Defendant denies all allegations not specifically admitted herein.

17. Defendant demands a jury trial.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim for which relief may be granted.

2. Plaintiffs have failed to mitigate their damages.

3. Plaintiffs' contributory negligence bars Plaintiffs' recovery in whole or in part.

4. Any flooding which has occurred on Plaintiffs' property was the result of natural occurrences or circumstances outside the control of Defendant.

5. The doctrines of the statute of limitations, laches, waiver, and estoppel may bar some or all of the injuries claimed.

6. Some or all of the causes of action may be preempted by federal law including but not limited to the ICC Termination Act.

7. Jurisdiction for some or all of the causes of action reside with the Surface Transportation Board.

8. Defendant demands allocation and apportionment of the relative degrees of fault of all parties who are at fault under the Arkansas Comparative Fault Statutes, including Ark. Code. Ann. § 16-64-122, the Civil Justice Reform Act of 2003, as codified at Ark. Code. Ann. § 16-61-201 *et. seq.* and an allocation of fault of all parties and relevant *non-parties* in accordance with Ark. Code. Ann. § 16-61-201 *et. seq.*, the Arkansas Uniform Contribution Among Tortfeasors Act (UCATA), and all applicable statutes and case law.

9. Pleading affirmatively, Defendant states that Plaintiff's alleged injuries and damages were caused, in whole or in part, by pre-existing conditions and/or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrence(s) made the basis of Plaintiff's Complaint against Defendant, such that responsibility for such damages and/or injuries should be apportioned among pre-existing, contributory, or concurrent factors.

10. As a separate, alternative affirmative defense to the Complaint, Defendant alleges that the Plaintiff's claims may be barred by any or all of the affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which the Plaintiff's claims may be barred by one or more of said affirmative defenses, not specifically set forth herein, cannot be determined until the Defendant has an opportunity to complete discovery. Therefore, the Defendant incorporates all said affirmative defenses as if fully set forth herein.

WHEREFORE, Defendant prays for an order dismissing Plaintiff's complaint, for an award of costs and attorney's fees and for all other relief to which Defendant may be entitled.

Respectfully submitted,

By: <u>Jamie Huffman Jones</u>
Scott Tucker, #87176
Jamie Huffman Jones, #2003125
FRIDAY, ELDREDEGE & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
501-370-1430 – phone
501-244-5347 – fax
jjones@fridayfirm.com

## **CERTIFICATE OF SERVICE**

I, Jamie Huffman Jones, hereby certify that a copy of the foregoing has been served upon the following counsel of through the Court's Electronic Notification and/or mailed by United States Postal Service to the following non-CM/ECF participant:

Timothy Giattina
tim@hcglawoffice.com

Robert Edwin Hodge
rob@hcglawfirm.com

*/s/ Jamie Huffman Jones*
Jamie Huffman Jones