**In the United States District Court
Eastern District of Arkansas
Central Division**

| | |
|---|---|
| Darel Adelsberger and Annette Adelsberger | Plaintiffs |
| *v.*   Case No. 4:21CV00471-JM | |
| Union Pacific Railroad Company | Defendant |

**Joint Rule 26(f) Report**

In accordance with Fed. R. Civ. P. 26(f), Local Rule 26.1, and the Court's Initial Scheduling Order, the parties file this joint report:

1. **Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a).**

Rather than the floating 14-day deadline in Rule 26(a)(1)(C), the parties will make their Rule 26(a) disclosures September 24, 2021.

2. **Date when mandatory disclosures were or will be made.**

September 24, 2021.

3. **Subjects on which discovery may be needed.**

- The culvert and drainage facilities at issue, including maintenance;
- The alleged flooding to the property at issue, including the hydrology associated with water moving to and from the property;
- The impact of the alleged flooding to the property at issue;
- The cause of the alleged flooding to the property at issue;
- The alleged damage to the Plaintiffs;

- The use of Plaintiffs' property;

- Plaintiffs' financial statements, business records, sales, costs of sales, expenses, gross profits, net profits, and whether industry or other changes have impacted Plaintiffs' business.

- all other liability and damages issues.

**4. Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.**

Not likely, as most information has already been provided in the previous suit. Disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business. The parties will work together on production issues. It is believed, however, that the majority of the information will be readily available or produce-able in paper format. Unless otherwise requested, production is limited to data reasonably available to the parties in the ordinary course of business.

**(a) Whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business.**

Electronic disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business.

**(b) The anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business.**

It is not known at this time the scope, cost, and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business. It is not anticipated that discovery will require information beyond what is reasonably available to the parties in the ordinary course of business.

**(c) The format and media agreed to by the parties for the production of such data as well as agreed procedures for such production.**

All electronic information that can be produced in paper hard copy form will be produced for the convenience of the plaintiff.

**(d) Whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.**

Defendants Counsel for both parties have instructed their clients to preserve discoverable data.

**(e) Other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.**

No other electronic or computer-based discovery problems are anticipated at this time.

**5. Date by which discovery should be completed.**

April 25, 2022, with the following exceptions:

- Plaintiff's expert disclosures, if any, will be due by January 25, 2022;
- Defendant's expert disclosures, if any, will be due by February 25, 2022;
- Plaintiff's rebuttal expert disclosures, if any, will be due by March 14, 2022;
- The parties are aware of the notation in the proposed scheduling order regarding a motion to amend this order if requesting a change in expert disclosures, and will so file.

**6. Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.**

None.

7. **Any orders, e.g. protective orders, which should be entered.**

If any protective order is needed, the parties will work together and attempt to submit an agreed order before reaching out to the Court.

8. **Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

None.

9. **Any objections to the proposed trial date.**

Yes. Defense Counsel has another trial scheduled in Marvin Joe v. Union Pacific set in front of this Court whereby these trials would be back to back and make preparing for both a burden on counsel and Union Pacific. Defendant would ask for a new trial date in one of the two cases.

10. **Proposed deadline for joining other parties and amending the pleadings.**

March 24, 2022.

11. **Proposed deadline for completing discovery.**

April 25, 2022, with the exceptions noted in Item No. 5 above.

12. **Proposed deadline for filing motions other than motions for class certification.**

May 18, 2022 for dispositive motions and *Daubert* motions. July 21, 2022 for motions in limine.

13. **Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification.**

Not applicable.

Respectfully submitted,

By:   Jamie Huffman Jones
Scott Tucker, #87176
Jamie Huffman Jones, #2003125
FRIDAY, ELDREDEGE & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
501-370-1430 – phone
501-244-5347 – fax
jjones@fridayfirm.com

Attorneys for Union Pacific

AND

By: Robert E. Hodge III, permission given
Robert E. Hodge, III #2011097
Hodge Calhoun Giattina, PLLC
711 W. 3rd Street
Little Rock, Arkansas 72201
501-404-4874-phone
501-404-4865-fax
rob@hcglawoffice.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, Jamie Huffman Jones, hereby certify that a copy of the foregoing has been served upon the following counsel of through the Court's Electronic Notification and/or mailed by United States Postal Service to the following non-CM/ECF participant:

Timothy Giattina
tim@hcglawoffice.com

Robert Edwin Hodge
rob@hcglawoffice.com

>*/s/ Jamie Huffman Jones*
>Jamie Huffman Jones