IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DAREL ADELSBERGER                                                                PLAINTIFFS
AND ANNETTE ADELSBERGER

V.                                  Case No. 4:21-cv-471

UNION PACIFIC RAILROAD COMPANY                                          DEFENDANT

**PRETRIAL DISCLOSURE SHEET OF UNION PACIFIC RAILROAD COMPANY**

The Defendant, Union Pacific Railroad Company ("Union Pacific"), submits the following Pretrial Disclosure Sheet pursuant to the Court's Final Scheduling Order:

1. The identity of the party submitting information: Union Pacific Railroad Company

2. The names, addresses, and telephone numbers of all counsel for the party: Scott H. Tucker, (501) 370-1582, Jamie Jones, (501) 370-1430, FRIDAY, ELDREDGE & CLARK, LLP, 400 West Capitol Avenue, Suite 2000, Little Rock, AR 72201, (501) 370-1430.

3. A brief summary of claims and relief sought: Plaintiffs bring a negligence action against Union Pacific, alleging that Union Pacific's negligent maintenance of a culvert near their property is the proximate cause of their property's flooding.

4. Prospects for settlement: Unlikely.

5. The basis for jurisdiction and objections to jurisdiction: Jurisdiction is based on diversity jurisdiction. Filed originally in state court, Union Pacific timely removed this action to this Court. No motion to remand was filed.

6. A list of pending motions: Unio Pacific will file motions in limine on or before the date in the scheduling order.

1

9367203.1

7. <u>A concise summary of the facts</u>:  The Union Pacific Railroad Hoxie Subdivision extends from North Little Rock, Arkansas northeast through Jacksonville, Arkansas and into Missouri. This route passes on the east side of the Waste Management—Two Pines Landfill.  At the southwest corner of the Two Pines Landfill, and located at Mile Post 335.620, Union Pacific owns a concrete culvert that was constructed to allow stormwater to flow northwest toward Bayou Meto and into the Arkansas River.  Downstream of the culvert is an earthen channel maintained by Waste Management that conveys the flow approximately 1,100 feet northwest where it enters into an 84-inch diameter corrugated metal pipe also owned by Waste Management. Upstream of the culvert is a large, forested area located in a FEMA flood plain. Storm water flowing into the culvert comes from both the southwest and northeast portions of this area.  The tract is surrounded by the Union Pacific railroad tracks, the North Belt Freeway, and Wooten Road.  AA Auto Salvage, the business owned by Plaintiffs, is located in this area and thus in the FEMA designated flood plain.  AA Auto Salvage alleges that Union Pacific has caused the flooding to its business.

However, the FEMA established base flood elevation shows that a 100-year storm, a 50-year storm, and a 10-year storm will result in significant flooding throughout the AA Auto property.  While a 2-year storm was not modeled by FEMA, Rob Stallings, an engineer hired by Union Pacific, concludes that even a 2-year storm will flood Plaintiffs' property.  During the subject time frame, rainfall in the area was significantly greater than the annual average and resulted in localized flooding. Further, there were multiple 24-hour rainfall events in the range of a 2-year storm that would result in flooding.  The proximate cause of flooding is not the Union Pacific culvert, but the fact that the property is located in a flood plain.

In addition, there are other factors that proximately cause flooding that are out of the control of Union Pacific. One, the grade of the Waste Management earthen channel downstream of Union Pacific's culvert is such that water must flow uphill. Two, beaver dams are frequently constructed downstream and outside of the Union Pacific right-of-way and have further resulted in the backup of water. These factors—rain, Waste Management's channel, beaver dams, and the surrounding topography—are all outside the control of Union Pacific.

8. <u>All proposed stipulations</u>: Union Pacific proposes the following stipulations:

a. Union Pacific owns the tracks and culvert at issue.

9. <u>The issues of fact expected to be contested</u>:

a. The cause of the flooding.

b. The time of the flooding.

c. Plaintiffs' damages.

10. <u>The issues of law expected to be contested</u>:

a. Inspections required under FRA regulations and internal policies.

b. Whether Plaintiffs have met their burden of showing proximate cause beyond mere speculation.

c. Whether Plaintiffs have met their burden of showing damages beyond mere speculation.

11. <u>A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which</u>

the party expects to offer and those which the party may offer: Union Pacific expects to offer the following:

    a.    UP Engineering Structures Maintenance Field Manual Pages 1-9 & 1-10 (Various Years); Defect Class Codes from 2016 and 2018

    b.    Inspection and Remediation Records and a summary chart

    c.    UP Bridge Management Program, 07-2012

    d.    Engineering Structures Maintenance Field Manual

    e.    Right of Way Map

    f.    FEMA Flood Hazard Map

    g.    Reports and Figures from Stallings Expert Report

    h.    Reports and Figures from Watson Expert Report

    i.    Financial and business records from Plaintiffs, including tax returns and summary charts

    j.    One Bank and Trust records from Plaintiffs

    k.    Photographs taken after December 3, 2015

Union Pacific may offer the following:

f. Union Pacific reserves the right to offer any document produced in discovery, including initial disclosures, by either party and any document exhibited to any pleading or depositions.

12. <u>The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony</u>: Union Pacific expects to call the following persons as witnesses:

a. Ben Trevino, III, Manager I Bridge Maintenance, 1000 W. 4th Street, North Little Rock, Arkansas.

b. Matt Mears, Maintenance of Way Inspector, 1000 W. 4th Street, North Little Rock, Arkansas.

c. Rob Stallings, Envirotech Engineering and Consulting, 2500 North Eleventh Street, Enid, Oklahoma, 73702.

d. Lance Watson, Avansic, 15 E. 5th Street 1800, Tulsa, OK, 74103.

e. Darrel Adelsberger, who may be contacted through his counsel.

f. Annette Adelsberger, who may be contacted through her counsel.

Union Pacific may call the following persons as witnesses:

a. Alan Ashcraft, System Bridge Welder, 1000 W. 4th Street, North Little Rock, Arkansas.

b. Danny Ervin, Supervisor of Bridge Inspections, 1000 W. 4th Street, North Little Rock, Arkansas.

c. Union Pacific reserves the right to call any person as a witness who was listed in either party's initial disclosures, was identified as a potential witness or person with knowledge in discovery responses, was deposed in this case, or was listed by Plaintiff as a potential witness.

13. <u>The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery</u>:  The discovery deadline has passed.

14. <u>An estimate of the length of trial and suggestions for expediting disposition of the action</u>: Union Pacific estimates that the trial will require two to three days. Union Pacific has no suggestions for expediting disposition of the case.

        Respectfully Submitted,

By:   <u>Jamie Huffman Jones</u>
Scott Tucker, #87176
Jamie Huffman Jones, #2003125
FRIDAY, ELDREDEGE & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
tucker@fridayfirm.com
jjones@fridayfirm.com

Attorneys for Union Pacific

## **CERTIFICATE OF SERVICE**

I, Jamie Huffman Jones, hereby certify that a copy of the foregoing has been served upon the following counsel of through the Court's Electronic Notification and/or mailed by United States Postal Service to the following non-CM/ECF participant on this 22nd day of August, 2022:

Timothy Giattina
tim@hcglawoffice.com

Robert Edwin Hodge
rob@lcarklaw.com

Lee Curry
lee@lcarklaw.com

        */s/ Jamie Huffman Jones*
        Jamie Huffman Jones

9367203.1