IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DAREL ADELSBERGER                                                PLAINTIFFS
AND ANNETTE ADELSBERGER

V.                                    Case No. 4:21-cv-471

UNION PACIFIC RAILROAD COMPANY                DEFENDANT

## UNION PACIFIC RAILROAD COMPANY'S OBJECTIONS TO PLAINTIFFS' PRETRIAL DISCLOSURES

Comes Now, Union Pacific Railroad Company ("Union Pacific") and for its Objections to Plaintiffs' Pretrial Disclosures, states:

Union Pacific incorporates its motions in limine herein as if set out in full as an objection.

1. Proposed stipulations as stated in Section 8 of the Plaintiffs' Pretrial Disclosures:

    a. ATOKA REPORT: Union Pacific objects for the reasons stated in the motions in limine filed in this matter. Further, Union Pacific objects that an expert report is cumulative.

    b. ATOKA rebuttal report: Union Pacific objects for the reasons stated in the motions in limine filed in this matter. Further, Union Pacific objects that an expert report is both hearsay and cumulative.

    c. Profit or Loss Report from Plaintiffs: Union Pacific does not know what this report is and for that reason it objects. To the extent that this report was not provided timely in discovery or with the initial disclosures as a damage calculation, Union Pacific further objects.

1

d. Tax returns: Union Pacific does not object to any returns produced timely in discovery (2011 – 2018) but objects to the tax returns not produced timely in discovery (2019 – 2020).

e. Photographs depicting flood and damage: Union Pacific objects to all photographs taken before December 3, 2015 as those specific instances of flooding are irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific also refers to its motion in limine on this issue.

f. Daily Work Report for November 20, 2015: Union Pacific objects to any specific event occurring before December 3, 2015 as irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific also refers to its motion in limine on this issue.

g. CAS Standard Work Report: Union Pacific objects as any specific event occurring before December 3, 2015 as irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific also refers to its motion in limine on this matter.

h. Ashcraft Log Nov. 2015: Union Pacific objects to any specific event occurring before December 3, 2015 as irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific also refers to its motion in limine on this matter.

i. Photos Depicting Culvert: Union Pacific objects to all photographs taken before December 3, 2015 as irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific also refers to its motion in limine on this matter.

j. Adelsberger deed to property: No objection.

k. Emails UP 01 through 31: Union Pacific objects to these emails as they contain hearsay and references to events allegedly occurring before December 3, 2015,

making them irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific also refers to its motion in limine on this matter.

l. Engineering Structures Maintenance Field Manuals: Union Pacific reserves the right to object to these documents depending on the testimony sought. Union Pacific specifically objects to Dr. Overton's testimony on this matter as previously indicated in its motion to exclude, and objects to the extent that Plaintiff is characterizing any such documents as a duty because internal documents do not create a duty. Union Pacific also refers to its motion in limine on this issue.

m. Inspection Records for Hoxie Sub: Union Pacific does not object to inspection records of this specific location beginning after December 3, 2015 but does object to any events occurring before December 3, 2015 as irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific also refers to its motion in limine on this matter.

n. UP Bridge Maintenance Program: Union Pacific reserves the right to object to these documents depending on the testimony sought. Union Pacific specifically objects to Dr. Overton's testimony on this matter as previously indicated in its motion to exclude and objects to the extent that Plaintiff is characterizing any such documents as a duty because internal documents do not create a duty. Union Pacific also refers to its motion in limine on this issue.

o. UP Defect Codes: Union Pacific reserves the right to object to these documents depending on the testimony sought. Union Pacific specifically objects to Dr. Overton's testimony on this matter as previously indicated in its motion to exclude,

and objects to the extent that Plaintiff is characterizing any such documents as a duty. Union Pacific also refers to its motion in limine on this issue.

p. Engineering One Stop Data: Union Pacific reserves the right to object. Union Pacific objects to any specific events occurring before December 3, 2015 or any location other than this specific location as it is irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific also refers to its motion in limine on this matter. Union Pacific objects to the hearsay contained in this record.

q. UP Engineering Track Maintenance Field Handbook Revision, February 4, 2022: Union Pacific reserves the right to object to these documents depending on the testimony sought. Union Pacific specifically objects to Dr. Overton's testimony on this matter as previously indicated in its motion to exclude, and objects to the extent that Plaintiff is characterizing any such documents as a duty. Union Pacific also refers to its motion in limine on this issue. Union Pacific further objects that a document from 2022 is not relevant.

r. Union Pacific does not stipulate to the allegation "the fact that Defendant failed properly maintain and clear the culvert and blocked the proper drainage of water" as this will be contested at trial.

2. Plaintiffs' Exhibits Contained in Section 11:
    a. Plaintiff expects to Offer:
        i. Photographs: Union Pacific objects to all photographs taken before December 3, 2015 as irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific also refers to its motion in limine on this matter. Union Pacific does not object to a photograph taken on or after December 3, 2015

4

so long as it was produced timely in discovery. If there is no evidence showing that it was taken on or after December 3, 2015, Union Pacific objects.

ii. Warranty Deed: Union Pacific does not object.

iii. Tax Returns: Union Pacific does not object to any returns produced timely in discovery (2011 – 2018) but objects to the tax returns not produced timely in discovery (2019 – 2020).

iv. Profit and Loss: Union Pacific does not know what this report is and for that reason it objects. To the extent that this report was not provided timely in discovery or with the initial disclosures as a damage calculation, Union Pacific objects.

v. Overton Resume/CV: Union Pacific objects as cumulative.

vi. Photographs of Culvert: Union Pacific objects to all photographs taken before December 3, 2015 as irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific refers to its motion in limine on this matter. Union Pacific does not object to photographs taken on or after December 3, 2015 so long as they were produced timely in discovery. If there is no evidence showing that a photograph was taken on or after December 3, 2015, Union Pacific objects.

vii. Photographs from Dr. Overton's site visit: Union Pacific objects to all photographs taken before December 3, 2015 as irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific refers to its motion in limine on this matter.

viii. Figure 1, Site Map: No objection

ix. Figure 2, Topography and Soil Map: No objection.

x. Figure 3, Site Hydrography Map: No objection.

xi. Figure 3a, Regional Hydrography Map: No objection.

xii. Figure 4, FEMA Flood Maps: No objection.

xiii. Figure 5, Property Elevation Map: No objection

xiv. Figure 6: No objection.

xv. Figure 7: Union Pacific objects to the portion of this drawing stating, "Existing silt/debris level" because this silt/debris level pre-existed December 3, 2015. Union Pacific objects to all drawings and depictions of the culvert before December 3, 2015 as irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific refers to its motion in limine on this matter.

xvi. Figure 8: Union Pacific objects to the portion of this drawing stating, "Existing silt/debris level" because this silt/debris level pre-existed December 3, 2015. Union Pacific objects to all drawings and depictions of the culvert before December 3, 2015 as irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific refers to its motion in limine on this matter.

xvii. Figure 9: Union Pacific objects to all photographs, drawings, and depictions of the culvert being blocked before December 3, 2015 as irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific refers to its motion in limine on this matter.

xviii. Figure 10: Union Pacific objects to all drawings and depictions of the culvert before December 3, 2015 as irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific refers to its motion in limine on this matter.

xix. Photographs showing water damage: Union Pacific objects to all photographs taken before December 3, 2015 as irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific refers to its motion in limine on this matter. Union Pacific does not object to a photograph taken on or after December 3, 2015 so long as it was produced timely in discovery. If there is no evidence showing that it was taken on or after December 3, 2015, Union Pacific objects.

xx. Daily Work Report for November 20, 2015: Union Pacific objects to specific events occurring before December 3, 2015 as irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific refers to its motion in limine on this matter.

xxi. UP Standard Work Report Invoice: Union Pacific objects to specific events occurring before December 3, 2015 as irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific refers to its motion in limine on this matter.

xxii. Email from Stan Rauls to Bradley [sic] Morris: Union Pacific objects to the emails as they contain hearsay and references to events allegedly occurring before December 3, 2015 as irrelevant, prejudicial, misleading and

confusing to the jury. Union Pacific refers to its motion in limine on this matter.

xxiii. Emails between Brandon Morris and Jesse Ashcraft: Union Pacific objects to any reference to events occurring before December 3, 2015.

xxiv. Emails between Ben Trevino and Jesse Ashcraft: Union Pacific objects to any reference to events occurring before December 3, 2015.

xxv. Emails between James Kennedy and Ben Trevino: Union Pacific objects to any reference to events occurring before December 3, 2015.

xxvi. Internal emails between Union Pacific employees: Union Pacific does not know what emails this category of exhibits refers to and reserves the right to object.

xxvii. Pulaski County Arkansas Commercial Property Card: Union Pacific does not know what this item is and thus cannot determine if it will object or not. Union Pacific reserves the right to object.

xxviii. Photographs listed in Exhibit 15 to Dr. Overton's deposition: Union Pacific objects to all photographs taken before December 3, 2015 as irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific refers to its motion in limine on this matter.

xxix. Union Pacific Engineering Track Maintenance Field Handbook Revision: February 4, 2022: Union Pacific reserves the right to object to these documents depending on the testimony sought. Union Pacific specifically objects to Dr. Overton's testimony on this matter as previously indicated in its motion to exclude, and objects to the extent that Plaintiff is characterizing

any such documents as a duty. Internal documents do not create a duty, and Union Pacific refers to its motion in limine on this issue. Union Pacific further objects that a document from 2022 is not relevant.

xxx. Engineering Structures Maintenance Field Manuals: Union Pacific reserves the right to object to these documents depending on the testimony sought. Union Pacific specifically objects to Dr. Overton's testimony on this matter as previously indicated in its motion to exclude, and objects to the extent that Plaintiff is characterizing any such documents as a duty. Internal documents do not create a duty, and Union Pacific refers to its motion in limine on this issue. Union Pacific further objects that a document from 2022 is not relevant.

xxxi. UP Engineering Track Maintenance Field Handbook Revision 2022: Union Pacific reserves the right to object to these documents depending on the testimony sought. Union Pacific specifically objects to Dr. Overton's testimony on this matter as previously indicated in its motion to exclude, and objects to the extent that Plaintiff is characterizing any such documents as a duty. Union Pacific further objects that a document from 2022 is not relevant.

xxxii. Inspection Records: Union Pacific does not object to inspection records of this specific location beginning after December 3, 2015 but does object to any events occurring before December 3, 2015 as irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific refers to its motion in limine on this matter.

xxxiii. UP Bridge Maintenance Program: Union Pacific reserves the right to object to these documents depending on the testimony sought. Union Pacific specifically objects to Dr. Overton's testimony on this matter as previously indicated in its motion to exclude, and objects to the extent that Plaintiff is characterizing any such documents as a duty because internal documents do not create a duty. Union Pacific refers to its motion in limine on this issue.

xxxiv. UP Defect Codes: Union Pacific reserves the right to object to these documents depending on the testimony sought. Union Pacific specifically objects to Dr. Overton's testimony on this matter as previously indicated in its motion to exclude, and objects to the extent that Plaintiff is characterizing any such documents as a duty. Union Pacific refers to its motion in limine on this issue.

xxxv. Engineering One Stop Data: Union Pacific reserves the right to object. Union Pacific objects to any events occurring before December 3, 2015 or any location other than this specific location as irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific refers to its motion in limine on this matter. Union Pacific objects to hearsay evidence contained in this record.

xxxvi. Email 000001-000031: Union Pacific objects to the emails as they contain hearsay and references to events allegedly occurring before December 3, 2015 as irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific refers to its motion in limine on this matter.

b. Plaintiff may Offer:

i. Introduction of New Culvert and Storm Inspection Manual: Union Pacific cannot make an informed decision on this potential exhibit as it has not been provided. Union Pacific reserves the right to object, particularly on the grounds that it was not produced.

ii. Culvert Inspection Manual: Union Pacific cannot make an informed decision on this potential exhibit as it has not been provided. Union Pacific reserves the right to object, particularly on the grounds that it was not produced.

iii. Culvert and Storm Drain System Inspection Manual Final Report: Union Pacific cannot make an informed decision on this potential exhibit as it has not been provided. Union Pacific reserves the right to object, particularly on the grounds that it was not produced

iv. Guidelines for Determining Flood Flow Frequency Bulletin 17C: Union Pacific reserves the right to object to this document as not having been timely produced in response to Union Pacific's requests for production of documents.

v. AREMA Documents: Union Pacific reserves the right to object to these documents depending on the testimony sought and the relevancy. Union Pacific specifically objects to Dr. Overton's testimony on this matter as previously indicated in its motion to exclude, and objects to the extent that Plaintiff is characterizing any such documents as a duty.

vi. Engineering Structures Maintenance Field Manual: Union Pacific reserves the right to object to these documents depending on the testimony sought

and the relevancy. Union Pacific specifically objects to Dr. Overton's testimony on this matter as previously indicated in its motion to exclude, and objects to the extent that Plaintiff is characterizing any such documents as a duty because internal documents do not create a duty. Union Pacific refers to its motion in limine on this issue.

vii. National Flood Hazard Layer FEMA MAP: Union Pacific needs to look at this to determine if it has an objection.

viii. Channel 4 story: Union Pacific objects to this as hearsay and unduly prejudicial.

ix. Deposition transcripts: Union Pacific objects to admitting deposition transcripts into evidence.

x. All documents produced by Defendant: Union Pacific objects to this category of exhibits as overbroad and will have to look at each particular document to determine if admission is proper.

xi. All exhibits to all depositions: Union Pacific objects to this category of exhibits as overbroad and will have to look at each particular document to determine if admission is proper.

xii. CVs or resumes of experts: Union Pacific objects as cumulative.

xiii. All discovery responses from Plaintiffs with attachments: Union Pacific objects to Plaintiffs admitting their own discovery responses as this is hearsay, and reserves the right to object on relevancy or other grounds depending on the document.

xiv. All documents cited or referenced in any expert report: Union Pacific objects to this category of exhibits as overbroad and will have to look at each particular document to determine if admission is proper.

xv. All documents reviewed by an expert: Union Pacific objects to this category of exhibits as overbroad and will have to look at each particular document to determine if admission is proper.

xvi. UP right of way maps: No objection.

xvii. UP maps: No objection.

xviii. UP manuals produced in discovery: Union Pacific objects to this category of exhibits and will have to look at each particular document to determine if admission is proper and further objects to the extent that Plaintiff is characterizing any such documents as a duty. Internal documents do not create a duty, and Union Pacific refers to its motion in limine on this issue.

xix. Enlargement of jury instructions: Union Pacific objects to admitting an enlargement of a jury instruction into evidence as an exhibit. Union Pacific agrees that counsel may use such an enlargement for illustrative purposes in closing argument.

xx. Documents produced by Plaintiff by Pivot Legal Services: Union Pacific objects to this category of exhibits as overbroad and will have to look at each particular document to determine if admission is proper, especially as these documents would be hearsay for Plaintiffs to introduce.

xxi. Any materials referenced or used in the training of Union Pacific employees: Union Pacific objects to this category of exhibits as overbroad

and will have to look at each particular document to determine if admission is proper, especially as training is not a claim in this lawsuit.

xxii. Annette Adelsberger's handwritten notes of attempted contacts with Union Pacific: Union Pacific objects based on hearsay and because all of the notes with dates on them are prior to December 3, 2015.

xxiii. AA Auto Banking Records: Union Pacific objects to this category of exhibits as overbroad and will have to look at each particular document to determine if admission is proper, especially as these documents would be hearsay for Plaintiffs to introduce.

xxiv. AA Auto Billing Records: Union Pacific objects to this category of exhibits and will have to look at each particular document to determine if admission was proper, especially if these documents would be hearsay for Plaintiff to introduce.

xxv. ADEQ General Stormwater Runoff Permit: Union Pacific reserves the right to object to this document after reviewing it.

xxvi. ALL AREMA documents, FHWA documents, FRA documents, NCHRP documents: Union Pacific objects to this category of exhibits as overbroad and will have to look at each particular document to determine if admission is proper. Union Pacific further objects depending on the testimony sought and the relevancy. Union Pacific specifically objects on the grounds of relevancy and to Dr. Overton's testimony on this matter as previously indicated in its motion to exclude, and objects to the extent that Plaintiff is

characterizing any such documents as a duty. Union Pacific refers to its motion in limine on this issue.

xxvii. All UP internal documents: Union Pacific objects to this category of exhibits as overbroad and will have to look at each particular document to determine if admission is proper. Union Pacific further objects depending on the testimony sought and the relevancy. Union Pacific specifically objects to Dr. Overton's testimony on this matter as previously indicated in its motion to exclude, and objects to the extent that Plaintiff is characterizing any such documents as a duty. Internal documents do not create a duty, and Union Pacific refers to its motion in limine on this issue.

xxviii. USACE documents: Union Pacific: Union Pacific objects to this category of documents as not having been produced in response to Union Pacific's requests for production. Union Pacific further objects depending on the testimony sought and the relevancy. Further, as these documents appear to be before the statute of limitations, Union Pacific objects to them as irrelevant, prejudicial, misleading and confusing to the jury. Union Pacific refers to its motion in limine on this matter.

xxix. USGS Guidelines for Determining Flood Flow Frequency Bulletin 17C dated May 2019: Union Pacific reserves the right to object to this document as not having been timely produced in responses to Union Pacific's requests for production.

c. Section 12, Plaintiffs' Will/ May Call Witnesses:

i. Union Pacific objects to the calling of any witness who was not identified by Plaintiffs in their initial disclosures and discovery responses.

Respectfully submitted,

By: _____
Scott Tucker, #87176
Jamie Huffman Jones, #2003125
FRIDAY, ELDREDEGE & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
501-370-1430 – phone
501-244-5347 – fax
jjones@fridayfirm.com

Attorneys for Union Pacific

**CERTIFICATE OF SERVICE**

I, Jamie Huffman Jones, hereby certify that a copy of the foregoing has been served upon the following counsel through the Court's Electronic Notification and by electronic mail on this 8th day of September, 2022:

Timothy Giattina
tim@hcglawoffice.com

Robert Edwin Hodge
rob@lcarklaw.com

Lee Curry
lee@lcarklaw.com

_____
Jamie Huffman Jones