EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DAREL ADELSBERGER AND ANNETTE ADELSBERGER**          **PLAINTIFFS**

**V.**                    **CASE NO. 4:21CV00471-JM**

**UNION PACIFIC RAILROAD COMPANY**                          **DEFENDANT**

**DEFENDANT'S FIRST SET OF INTERROGATORIES**
**AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

COMES NOW, Defendant Union Pacific Railroad Company (hereinafter "UPRR") propounding its First Set of Interrogatories and Requests for Production To Plaintiffs, Darel and Annette Adelsberger, pursuant to the Federal Rules of Civil Procedure.  Within thirty (30) days after service, Plaintiffs must answer each interrogatory separately and fully, in writing, under oath; and produce the requested documents at the office of the undersigned counsel. These Interrogatories and Requests shall be deemed continuing in nature as to items obtained or otherwise learned of after the date set forth above.  Plaintiff is under a duty to supplement its responses if any response is, or becomes in the future, incomplete or incorrect in some material respect.

**I.**
**INSTRUCTIONS AND DEFINITIONS**

The following terms and instructions used in Interrogatories are defined as follows:

1.      "Plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2.      "You" or "your" means Plaintiffs, and their successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Plaintiffs or their successors, predecessors, divisions, and subsidiaries.

3.      "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

4.      "Communication" means any oral or written communication of which Plaintiffs have knowledge, information, or belief.

5.      "Photographs" shall include still photographs, x-ray films, videotapes, slides, digital files, or any other means of recording an image.

6.      "Document" shall mean any writing or record consisting of letters, words, numbers, or their equivalent, set by handwriting, typewriting, printing, photocopying, photographing, recording or other data compilation, including but not limited to accounts, records, books, publications, advertisements, schedules, lists, manuals, correspondence, telecommunications, memoranda, contracts, leases, bills, computer records, studies, surveys, data sheets, reports, checks, banking records, calendars, financial records, accounting records, photographs, audio recordings, video tapes, or any form of data compilation.  The definition includes electronically stored information (ESI).

7.      "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies, and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, Jaz cartridges), microfiche, and punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

8.      "Identify," when referring to:

        A person, means to state his or her full name and present or last known address and phone number.

<u>A statement</u>, means to identify who made it, who took or recorded it, and all others, if any, present during the making thereof; to state when, where and how it was taken or recorded, and to identify who has present or last known possession, custody or control thereof.

<u>Any other tangible thing</u>, means to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof.

9.     "Accident," "incident," or "occurrence" means the flooding, at or near Plaintiffs' automobile and used parts business located in Pulaski County, Arkansas, as described in Plaintiffs' Complaint.

10.    When appropriate in the context of an Interrogatory or Request, the singular shall mean the plural, and the plural shall mean the singular.

## II.
## FIRST SET OF INTEROGATORIES

**INTERROGATORY  1**:  Identify  each  person  answering  these  interrogatories,  supplying information, or assisting in any way with the preparation of the answers to these interrogatories.

     **RESPONSE**:

**INTERROGATORY 2**:  Identify every person who is expected to be called to testify at trial, including your experts and consulting experts whose work has been reviewed by your testifying experts, and provide a brief summary of each witness' expected testimony.

     **RESPONSE**:


**INTERROGATORY 3**: Provide the address and legal description of the Plaintiffs' property at issue in this Lawsuit.

     **RESPONSE**:

**INTERROGATORY 4**: Provide the purchase date, price, seller/buyer info, cost of any improvements to the property after purchase, and the appraised value of the Plaintiffs' Property at issue in this Lawsuit, identification of any Realtors involved in the transaction, and the identity of the entity or title company who closed the transaction.

     **RESPONSE**:

I**NTERROGATORY 5**: Provide a chronological list of all inspections of the Plaintiffs' Property and Buildings following any and all flooding as described in the Complaint to include the date,

persons present, their contact information, whether photographs/videos/or other likenesses were taken.

**RESPONSE**:

**INTERROGATORY 6**: Describe the nature and extent of the damage you allege was caused to the Plaintiffs' property as a result of any flooding; include in your response what specific areas of the Property or Buildings were damaged, the extent of the damage, when the damage occurred whether the damage has been repaired, who repaired it, and the cost of the repairs.

**RESPONSE**:

**INTERROGATORY 7**: Itemize each element of damage, including any actual damages, lost profits, special damages and /or consequential damages, for which you sue and state that dollar amount you seek for each element, both past and future if applicable.

**RESPONSE**:

**INTERROGATORY 8**: Identify any and all efforts You have made to mitigate your damages.

**RESPONSE**:

**INTERROGATORY 9**: Identify the name, address, amount, date, and scope of each and every bid you have received to repair damages to the Property allegedly caused by flooding and identify whether such bid was verbal or written.

**RESPONSE**:

**INTERROGATORY 10**: Identify the specific dates for which you allege flooding of your property occurred and describe the extent of flooding on each date, the location of the flooding on your property, and whether any improvements to the property were flooded.

**RESPONSE**:

**INTERROGATORY 11**: Identify how much water was on your property on the dates set forth in the preceding interrogatory; specifically setting forth how deep the water was on your property, and the square footage covered by the water on the property.

**RESPONSE:**

**INTERROGATORY 12:** Identify the factual basis for your contention that Defendant "failed to properly maintain and clear the culvert and blocked proper drainage of water," as alleged in Paragraph 5 of Plaintiffs' Complaint and state the dates and time periods that you allege Defendant "failed to properly maintain and clear the culvert and blocked the drainage of water."

**RESPONSE:**

**INTERROGATORY 13**: Identify the factual basis for your contention that Defendant's "negligent maintenance of the culvert caused water to flood the plaintiffs' property," as alleged in Paragraph 5 of the Plaintiffs' Complaint and state the dates and time periods of the Defendant's "negligent maintenance of the culvert caused the water to flood the plaintiff's property."

**RESPONSE:**

**INTERROGATORY 14**: Describe in detail any conversations You had with Defendant or Defendant's representative regarding the alleged flooding and or damage to Your property.

**RESPONSE:**

## III.
## REQUESTS FOR PRODUCTION

**REQUEST 1**: Produce documentation supporting your contention that you own the Property that is the subject of this lawsuit.

**RESPONSE**:

**REQUEST 2**: Produce all documents relating to your acquisition of the Property, including but not limited to the real estate contract, title insurance, flood plain disclosure, property disclosures, flood plain designation/identification, loan application, loan approval, load documents, flood insurance documents, flood insurance waiver documents, closing documents, title insurance policies, title insurance documents, purchase date, price, seller/buyer info, and appraised value of the Property at issue in the Lawsuit.

**RESPONSE**:

**REQUEST 3**: Produce all documents evidencing, demonstrating, or relating to any damage to the Property relating to the subject matter of this lawsuit.

**RESPONSE**:

**REQUEST 4**: Produce all documents relating to any inspections performed on the Property either before or after any alleged flooding.

**RESPONSE**:

**REQUEST 5**: Produce all reports from any governmental agency relating to the subject matter of this lawsuit.

**RESPONSE**:

**REQUEST 6**: Produce all reports and invoices from any expert and/or consultant relating to the subject matter of this lawsuit.

**RESPONSE**:

**REQUEST 7**: Produce all photographs and/or videos (including security camera and drone footage) taken of the Property, or taken from the Property, related to the subject matter of this lawsuit both before and after any flooding.

**RESPONSE**:

**REQUEST 8**: Produce all photographs and/or videos in which Union Pacific property and/or its agents, employees, or representatives appear.

**RESPONSE**:

**REQUEST 9**: Produce all documents relating to any improvements, repairs, and/or modifications made to the Property since the date You acquired it.

**RESPONSE**:

**REQUEST 10**: Produce all communications, including electronic communications (including but not limited to emails and text messages), and documents sent to or received from, or exchanged by and between You and Union Pacific and its agents, employees, or representatives concerning the subject matter of this lawsuit.

**RESPONSE**:

**REQUEST 11**: Produce all of Plaintiffs' personal and business tax returns for Plaintiffs' from the date you purchased the property until the present date, including all supporting documentation submitted to the IRS or to Your accountant.

**RESPONSE**:

**REQUEST 12**: Produce all communications, including electronic communications (including but not limited to emails and text messages), and documents sent to or received from, or exchanged by and between you and third parties, concerning the subject matter of this lawsuit, specifically including, but not limited to, the value of the property immediately before any flooding, immediately after flooding, the cost of repairs, the loss of business income, and how those values were determined.

**RESPONSE**:

**REQUEST 13**: Produce all profit and loss statements for Plaintiffs' business from 2009 to the present date.

    **RESPONSE**:


**REQUEST 14**: Produce all documents supporting your claim for damages; including actual damages, lost profits, special damages and/or consequential damages, including any documents evidencing business income and expenses.

    **RESPONSE**:

**REQUEST 15**: Produce all documents and evidence reviewed by Jerry Overton, Ph.D., P.G., including all documents specifically referenced in the January 5, 2016 Overton Expert Report, including but not limited to raw data concerning the survey referenced in the report of Jerry Overton.

    **RESPONSE**:

**REQUEST 16**: Produce all invoices or receipts for repairs to the Property relating to the subject matter of this lawsuit.

    **RESPONSE**:

**REQUEST 17**: Produce all invoices from any expert retained by Plaintiffs in this litigation.

    **RESPONSE**:

**REQUEST 18**: Produce any and all surveys, including the raw data gathered or used to support the survey, concerning the Plaintiff's property, Union Pacific's property, Waste Management's property, and any other property related to this lawsuit.

    **RESPONSE**:


**REQUEST 19**: Produce any insurance policies covering the property in question.

    **RESPONSE**:

**REQUEST 20**: Produce all appraisals performed on the property or business including prior to purchase, after purchase, and up to the present day.

    **RESPONSE**:

**REQUEST   21**: Produce any documents and communications, including electronic communications (including but not limited to emails and text messages), between you and any person listed as a person with relevant knowledge by any party in this Lawsuit, the subject matter of which is, in whole or in part, the accident or any other issue in this Lawsuit.

       **RESPONSE**:

**REQUEST 22**: Produce any documents that support Plaintiffs' claim that Defendant was negligent in any way as alleged in Plaintiffs' Complaint.

       **RESPONSE**:

**REQUEST 23**: Produce any documents that have passed between you and third parties regarding the Incident made the basis of this Lawsuit or the damages you claim resulted therefrom, excluding any documents subject to the attorney-client privilege.

       **RESPONSE**:

**REQUEST 24**: Produce any documents that you may present, submit, introduce into evidence or about which you will question Defendants, including for purposes of impeachment, at trial any hearing or at deposition in the Lawsuit.

       **RESPONSE**:

**REQUEST 25**: Any and all bills, statements of accounts, invoices, receipts, canceled checks, correspondence or the documents that relate to losses or damages of any kind for which you seek recovery in this litigation.

       **RESPONSE**:

**REQUEST 26**: Produce all documents identified in your answers to Defendant's Interrogatories.

       **RESPONSE**:

**REQUEST 27**: Produce all drawings, maps, or sketches relating to the subject matter of this lawsuit.

       **RESPONSE**:

**REQUEST 28**:  Produce all evidence that you will attempt to introduce as an exhibit at trial.

       **RESPONSE**:

REQUEST 29: Produce all evidence concerning complaints You have made to any entity concerning the alleged flooding of Plaintiff's property.

**RESPONSE**:

**REQUEST 30:**   Produce all evidence concerning communications You have had with Waste Management or any of its predecessors concerning the facts and allegations which form the basis of this lawsuit.

**RESPONSE**:

**REQUEST 31:**   Produce all evidence concerning anything, regardless of its location, that restricted or affected flow of water from Plaintiff's property to Union Pacific's property and onto or off of Waste Management's property.

**RESPONSE**:

**REQUEST 32**: Produce all documents, tangible things, reports, data, and evidence reviewed, relied upon, or created by any of your experts, including consulting experts whose work was reviewed or relied upon by one of your testifying experts.

**RESPONSE**:

Respectfully submitted,

_____
By: Jamie Huffman Jones
Scott Tucker, #87176
Jamie Huffman Jones, #2003125
FRIDAY, ELDREDEGE & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
501-370-1430 –phone
501-244-5347 –fax
jjones@fridayfirm.com

10100.1655/8951049.1

## <u>CERTIFICATE OF SERVICE</u>

I, Jamie Huffman Jones, hereby certify that on 10th day of January, 2022, I served a copy of the foregoing upon the below counsel of record:

Timothy Giattina
tim@hcglawoffice.com

Robert Edwin Hodge
rob@hcglawoffice.com

_____

Jamie Huffman Jones