**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DAREL ADELSBERGER, ET UX**                                                  **PLAINTIFFS**

**v.**                              **Case No. 4:21-cv-471**

**UNION PACIFIC RAILROAD COMPANY**                                **DEFENDANT**

**PLAINTIFFS' FIRST MOTION IN LIMINE**

COMES NOW Plaintiffs, Darel and Annette Adelsberger, and for their First Motion in Limine, state, request and move this Court for an Order in Limine as follows:

1. Defendant Union Pacific Railroad Company has identified Mr. Lance Watson as an expert witness they expect to call to testify at trial.

2. Mr. Watson professes an expertise in the fields of information assurance, computer security, and digital forensics. From Mr. Watson's affidavit dated April 28, 2022, attached hereto as <u>Exhibit 1</u>, Plaintiffs anticipate that UP intends to elicit testimony from Mr. Watson regarding metadata relating to the creation of certain photographs previously disclosed by Plaintiffs in discovery that they intend to introduce as evidence or refer to at trial.

3. Mr. Watson's affidavit states on several occasions that some of the subject images do not include related metadata "tying" their creation to the years in which Plaintiffs have represented those photographs were taken. However, Mr. Watson's affidavit also explains that that a number of reasons can account for the lack of metadata for an image. Among these are failure of the originating image device (such as a camera) to include metadata fields, an intermediate program (such as an image viewer or uploader program for

a social media site) exporting an image with new metadata, or scrubbing the metadata using software available on the internet.

4. The probative value of Mr. Watson's anticipated testimony is substantially outweighed by the dangers of unfair prejudice, misleading the jury, and confusion of the issues. Therefore, the Court should prohibit Mr. Watson's testimony to the extent that it invites the jury to engage in rank speculation as to the dates on which the subject photographs were taken.

## **ARGUMENT**

In the present case, the Defendant's expert Lance Watson addresses the metadata contained within photos taken by Plaintiffs. The defense expert will attempt to state that the metadata associated with the files cannot be depended on, or provides conflicting information as to the date it was created versus when Plaintiffs' assert that the photos were taken. However, the defense expert's own affidavit admits that the data does not provide points of reference.

As a result, Mr. Watson's opinions and conclusions regarding the metadata, and in turn, the dates the photos were taken, are mere speculation. "Expert testimony that is speculative is not competent proof and contributes nothing to a legally sufficient evidentiary basis." *Concord Boat Corp. v. Brunswick Corp.,* 207 F.3d 1039, 1057 (2000). "

Allowing this testimony into evidence or in front of the jury would serve no purpose but to confuse the jurors. Arkansas Rules of Evidence 403 states "Although relevant, evidence may be excluded, if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Based upon the foregoing, it is unclear how the defense expert can render an opinion on this evidence based upon anything other than conjecture, speculation and simple guesswork.

WHEREFORE, Plaintiffs request that this Court enter an order directing that the Defendant's counsel, Defendant, and any witness called on the Defendant's behalf be instructed to refrain from any mention or interrogation directly or indirectly in any manner whatsoever including the offering of documentary evidence concerning the matters set forth in this Motion in Limine without first requesting and obtaining a ruling from the Court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this case in regard to any alleged theory of admissibility of such matter.

        Respectfully Submitted,
        LASSITER & CASSINELLI
        ATTORNEYS FOR PLAINTIFFS
        300 S. Spring St. Ste. 800
        Little Rock, AR 72201
        T: 501-370-9300
        F: 501-370-9306

| Robert E. Hodge III | Lee D. Curry | Amanda D. Kennedy |
|---|---|---|
| AR Bar No. 2011097 | AR Bar No. 2014153 | AR Bar No. 2019136 |
| rob@lcarklaw.com | lee@lcarklaw.com | amanda@lcarklaw.com |