# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DAREL ADELSBERGER**
**ANNETTE ADELSBERGER**                                                                **PLAINTIFFS**

v.                                   Case No. 4:21-cv-471

**UNION PACIFIC RAILROAD COMPANY**                                              **DEFENDANT**

## PLAINTIFFS' SECOND MOTION IN LIMINE

COMES NOW Plaintiffs, Darel and Annette Adelsberger, and for their Second Motion in Limine, state, requests, and move this Court for an Order in Limine as follows:

1. Plaintiffs Darel and Annette Adelsberger request an Order instructing Defendant, Defendant's counsel, and any of Defendant's witnesses to refrain from making reference to, directly or indirectly, or eliciting any testimony regarding any of the following matters in the presence of the jury during the trial of this matter:

   a. Any and all evidence, references to evidence, testimony, or argument in any manner whatsoever, in regards to the dates which Plaintiffs filed the annual tax returns;

   b. Any and all evidence, references to evidence, testimony, or argument in any manner whatsoever, in regards to the timeliness of the filing of Plaintiffs' annual tax returns;

   c. Any and all evidence, references to evidence, testimony, or argument in any manner whatsoever, in regards to Plaintiffs acting improperly by preparing their taxes in anticipation of this litigation;

d. Any and all evidence, references to evidence, testimony, or argument in any manner whatsoever, in regards that Plaintiffs may have committed any wrongdoing regarding the filing of their annual tax returns;

2. Plaintiffs make this Motion on the following grounds:

a. The matters of fact or alleged facts refer to or deal with matters that are not relevant to the litigation pursuant to ARCP Rule 402, because these facts are not relevant;

b. The matters of fact or alleged facts refer to or deal with matters that are not relevant to the litigation pursuant to ARCP Rule 403, because its probative value is substantially outweighed by the danger of unfair prejudice;

c. If any of the facts referred to in this Motion are brought before or made known to the jury, either directly or indirectly, such facts will be prejudicial to Plaintiffs, even though the Court sustains an objection and instructs the jury to disregard such matters; and,

d. If the jury is made aware of such facts, either directly or indirectly, will result in a mistrial of this case and extraordinary delay, expense and inconvenience caused by a retrial, to the Court, the public, and the litigants.

3. Plaintiffs further request that the Defendant's counsel and any and all witnesses called on behalf of the Defendant be instructed to refrain from any mention, directly or indirectly, of the filing of this Motion in Limine or to any ruling by the Court in response to this Motion.

4. Plaintiffs state that the matters set out in this Motion in Limine would be inadmissible as evidence for any purpose on proper and timely objection.

WHEREFORE, Plaintiffs request that this Court enter an order directing that the Defendant's counsel, Defendant, and any witness called on the Defendant's behalf be

instructed to refrain from any mention or interrogation directly or indirectly in any manner whatsoever including the offering of documentary evidence concerning the matters set forth in this Motion in Limine without first requesting and obtaining a ruling from the Court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this case in regard to any alleged theory of admissibility of such matter.

Respectfully Submitted,
LASSITER & CASSINELLI
ATTORNEYS FOR PLAINTIFFS
300 S. Spring St. Ste. 800
Little Rock, AR 72201
T: 501-370-9300
F: 501-370-9306

| Robert E. Hodge III | Lee D. Curry | Amanda D. Kennedy |
|---|---|---|
| AR Bar No. 2011097 | AR Bar No. 2014153 | AR Bar No. 2019136 |
| rob@lcarklaw.com | lee@lcarklaw.com | amanda@lcarklaw.com |