IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DAREL ADELSBERGER**
**ANNETTE ADELSBERGER**                                                **PLAINTIFFS**

v.                              Case No. 4:21-cv-471

**UNION PACIFIC RAILROAD COMPANY**                                      **DEFENDANT**

## PLAINTIFFS' THIRD MOTION IN LIMINE

COMES NOW Plaintiffs, Darel and Annette Adelsberger, and for their Fourth Motion in Limine, state, requests, and move this Court for an Order in Limine as follows:

1. Plaintiffs Darel and Annette Adelsberger request an Order instructing Defendant, Defendant's counsel, and any of Defendant's witnesses to refrain from making reference to, directly or indirectly, or eliciting any testimony regarding any of the following matters in the presence of the jury during the trial of this matter:

    a. Any and all evidence, references to evidence, testimony, or argument in any manner whatsoever, in regards to any weather event, rainstorm, flood, storm, or other natural weather event as an "act of God" based on which Defendant would be relieved of liability;

    b. Any and all evidence, references to evidence, testimony, or argument in any manner whatsoever, in regards to any weather event, rainstorm, flood, storm, or other natural weather event as an "act of God" based on which created Plaintiffs' flooding rather than their inadequate drainage structures;

1

c. Any and all evidence, references to evidence, testimony or argument in any manner whatsoever, in regards to any weather event, rainstorm, flood, storm, or other natural weather event as "extraordinary" or "unprecedented", or a storm in excess of a "100-year event."

2. Plaintiffs make this Motion on the following grounds:

a. The matters of fact or alleged facts refer to or deal with matters that are not relevant to the litigation pursuant to Fed. R. Evid. Rule 403, because its probative value is substantially outweighed by fear of misleading or confusing the jury;

b. If any of the facts referred to in this Motion are brought before or made known to the jury, either directly or indirectly, such facts will be prejudicial to Plaintiffs, even though the Court sustains an objection and instructs the jury to disregard such matters; and,

c. If the jury is made aware of such facts, either directly or indirectly, it will result in a mistrial of this case and extraordinary delay, expense and inconvenience caused by a retrial, to the Court, the public, and the litigants.

3. Plaintiffs further request that the Defendant's counsel and any and all witnesses called on behalf of the Defendant be instructed to refrain from any mention, directly or indirectly, of the filing of this Motion in Limine or to any ruling by the Court in response to this Motion.

4. Plaintiffs state that the matters set out in this Motion in Limine would be inadmissible as evidence for any purpose on proper and timely objection.

## ARGUMENT & AUTHORITIES

In many of the railroad flooding cases, as well as the matter at hand, the railroads have, time and again, attempted to avoid liability by arguing that the magnitude of a storm or weather event caused flooding rather than the railroad's inadequate drainage structures. Plaintiffs believe that Defendant intends to introduce evidence and testimony relating to weather events which were "extraordinary" or "unprecedented" flood or an "Act of God" or a storm in excess of a "100-year event."

The United States District Court for the Western District of Arkansas has previously stated "While it is not advisable to give an exact definition of that phrase which will cover every phase, it has been generally defined as something which occurs exclusively by the violence of nature; at least an act of nature which implies an entire exclusion of all human agencies." *United States v. Kansas City S. R. Co.,* 189 F. 471 (1911).

In United States v. Kansas City, the Court cited earlier cases saying it was held that "the 'act of God' which would exempt one from liability is an act in which no man has any agency whatsoever." *Id., citing The Majestic,* 166 U.S. 375, 386, 17 Sup. Ct. 597, (1897).

Accordingly, Union Pacific Railroad Company cannot argue that any event during the relevant times of this case was an act so great that "no man has any agency whatsoever." The magnitude of any singular, or combined weather event is not relevant to any issue in this case.

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. But even if this evidence had some remote probative value such is clearly outweighed by the danger of unfair prejudice to Plaintiffs and confusion of and misleading of the jury so as to require exclusion under Fed. R. Evid. 403.

3

WHEREFORE, Plaintiffs request that this Court enter an order directing that the Defendant's counsel, Defendant, and any witness called on the Defendant's behalf be instructed to refrain from any mention or interrogation directly or indirectly in any manner whatsoever including the offering of documentary evidence concerning the matters set forth in this Motion in Limine without first requesting and obtaining a ruling from the Court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this case in regard to any alleged theory of admissibility of such matter.

        Respectfully Submitted,
LASSITER & CASSINELLI
ATTORNEYS FOR PLAINTIFFS
300 S. Spring St. Ste. 800
Little Rock, AR 72201
T: 501-370-9300
F: 501-370-9306

| Robert E. Hodge III | Lee D. Curry | Amanda D. Kennedy |
|---|---|---|
| AR Bar No. 2011097 | AR Bar No. 2014153 | AR Bar No. 2019136 |
| rob@lcarklaw.com | lee@lcarklaw.com | amanda@lcarklaw.com |