# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DAREL ADELSBERGER**
**ANNETTE ADELSBERGER**　　　　　　　　　　　　　　　　　**PLAINTIFFS**

**v.**　　　　　　　　　　Case No. 4:21-cv-471

**UNION PACIFIC RAILROAD COMPANY**　　　　　　　　　　　**DEFENDANT**

## PLAINTIFFS' SIXTH MOTION IN LIMINE

COMES NOW Plaintiffs, Darel and Annette Adelsberger, and for their Sixth Motion in Limine, state, requests and move this Court for an Order in Limine as follows:

1. Plaintiffs Darel and Annette Adelsberger, request an Order instructing Defendant, Defendant's counsel, and any of Defendant's witnesses to refrain from making reference to, directly or indirectly, or eliciting any testimony regarding any of the following matters in the presence of the jury during the trial of this matter:

　　a. Any and all evidence, references to evidence, testimony, or argument in any manner whatsoever, regarding any "goodwill", public relations, and/or charitable directives initiated by Union Pacific Railroad Company and money spent by Union Pacific Railroad Company on its tracks, facilities, or operations of any kind in the state of Arkansas, that are unrelated to the portion of Union Pacific Railroad's track and/or bridges at issue in this case or the flooding at issue in this case.

2. Plaintiffs make this Motion on the following grounds:

　　a. The matters of fact or alleged facts refer to or deal with matters that are not relevant to the litigation pursuant to Fed. R. Evid. 402;

b. Additionally, any reference to same is prohibited pursuant to Fed. R. Evid. 403, as it would be more prejudicial than probative and would likely confuse and mislead the jury;

c. If any of the facts referred to in this Motion are brought before or made known to the jury, either directly or indirectly, such facts will be prejudicial to Plaintiffs, even though the Court sustains an objection and instructs the jury to disregard such matters; and,

d. If the jury is made aware of such facts, either directly or indirectly, it will result in a mistrial of this case and extraordinary delay, expense and inconvenience caused by a retrial, to the Court, the public, and the litigants.

3. Plaintiffs further request that the Defendant's counsel and any and all witnesses called on behalf of the Defendant be instructed to refrain from any mention, directly or indirectly, of the filing of this Motion in Limine or to any ruling by the Court in response to this Motion.

4. Plaintiffs state that the matters set out in this Motion in Limine would be inadmissible as evidence for any purpose on proper and timely objection.

## ARGUMENT

Plaintiffs anticipate that counsel for Union Pacific Railroad may attempt to introduce evidence regarding various goodwill, public relations, and/or charitable endeavors undertaken by Union Pacific Railroad Company and evidence relating to what a "good" corporate citizen Union Pacific Railroad Company is and money spent by Union Pacific Railroad Company on its tracks, facilities or operations in the state of Arkansas, that are unrelated to the portion of Union Pacific Railroad Company's track and/or bridges at issue in this case or the flooding at issue in this case.

Defendant employs several Senior Directors of Public Affairs, according to their website. One of their public relations officials, Brandon Morris, is expected to be a witness in this instant matter. He was a critical point of contact between Plaintiffs and Defendant regarding the flooding on Plaintiffs' property.

Any evidence regarding Union Pacific Railroad Company's goodwill, public relations, and/or charitable endeavors, what a "good" corporate citizen Union Pacific Railroad Company is and money spent by Union Pacific Railroad Company on its tracks, facilities or operations in the state of Arkansas is not relevant to the determination of this case, which resolves solely around the negligence of Defendants to properly maintain their drainage structure and the damage thus done to Plaintiffs and their property. Whether Union Pacific Railroad Company donates to various causes, or is an "environmentally friendly" company has no tendency whatsoever to prove or disprove any fact of relevance to the question of whether Union Pacific Railroad Company caused the flooding that damages or destroyed the property of the Plaintiffs in this case.

Nowhere in this list is the jury asked to consider whether the Defendant, in matters wholly outside the context of the misconduct that forms the basis of the lawsuit, might otherwise be a "nice guy." Accordingly, all such evidence of Union Pacific Railroad's "good corporate citizenship" should be excluded pursuant to Fed. R. Evid. 401 and 402.

Even if such evidence were somehow found to be relevant, any probative value would be substantially outweighed by the danger of unfair prejudice, confusion, and misleading of the jury. Presentation to the jury of evidence regarding the charitable efforts of Union Pacific Railroad Company or its contributions to the citizens of Arkansas completely outside of the context of its misconduct at issue in this case could unfairly prejudice the Plaintiffs by

impermissibly evoking sympathetic feelings toward Union Pacific Railroad Company among members of the jury, irrespective of the actual facts of this case, and improperly influence their decision on liability or damages. Consequently, all such evidence should also be excluded under Fed. R. Evid. 403.

WHEREFORE, Plaintiffs request that this Court enter an order directing that the Defendant's counsel, Defendant, and any witness called on the Defendant's behalf be instructed to refrain from any mention or interrogation directly or indirectly in any manner whatsoever including the offering of documentary evidence concerning the matters set forth in this Motion in Limine without first requesting and obtaining a ruling from the Court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this case in regard to any alleged theory of admissibility of such matter.

    Respectfully Submitted,
    LASSITER & CASSINELLI
    ATTORNEYS FOR PLAINTIFFS
    300 S. Spring St. Ste. 800
    Little Rock, AR 72201
    T: 501-370-9300
    F: 501-370-9306

| Robert E. Hodge III | Lee D. Curry | Amanda D. Kennedy |
| --- | --- | --- |
| AR Bar No. 2011097 | AR Bar No. 2014153 | AR Bar No. 2019136 |
| rob@lcarklaw.com | lee@lcarklaw.com | amanda@lcarklaw.com |