# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DAREL ADELSBERGER**
**ANNETTE ADELSBERGER**                                       **PLAINTIFFS**

**v.**                       **Case No. 4:21-cv-471**

**UNION PACIFIC RAILROAD COMPANY**                     **DEFENDANT**

## PLAINTIFFS' SEVENTH MOTION IN LIMINE

COMES NOW Plaintiffs, Darel and Annette Adelsberger, and for their Seventh Motion in Limine, state, requests and move this Court for an Order in Limine as follows:

1. Plaintiffs Darel and Annette Adelsberger, request an Order instructing Defendant, Defendant's counsel, and any of Defendant's witnesses to refrain from making reference to, directly or indirectly, or eliciting any testimony regarding any of the following matters in the presence of the jury during the trial of this matter:

    a. Any and all evidence, references to evidence, testimony, or argument in any manner whatsoever, regarding any action or inaction taken by the City of North Little Rock (the "City"), Pulaski County (the "County"), and/or the Pulaski County Soil and Water Conservation District (the "District") regarding flood control structures in or around the City of North Little Rock, or the County of Pulaski.

2. Plaintiffs make this Motion on the following grounds:

    a. The matters of fact or alleged facts refer to or deal with matters that are not relevant to the litigation pursuant to Fed. R. Evid. 402;

b. Additionally, any reference to same is prohibited pursuant to Arkansas Rules of Evidence Rule 403, as it would be more prejudicial than probative and would likely confuse and mislead the jury;

c. If any of the facts referred to in this Motion are brought before or made known to the jury, either directly or indirectly, such facts will be prejudicial to Plaintiffs, even though the Court sustains an objection and instructs the jury to disregard such matters; and,

d. If the jury is made aware of such facts, either directly or indirectly, it will result in a mistrial of this case and extraordinary delay, expense and inconvenience caused by a retrial, to the Court, the public, and the litigants.

3. Plaintiffs further request that the Defendant's counsel and any and all witnesses called on behalf of the Defendant be instructed to refrain from any mention, directly or indirectly, of the filing of this Motion in Limine or to any ruling by the Court in response to this Motion.

4. Plaintiffs state that the matters set out in this Motion in Limine would be inadmissible as evidence for any purpose on proper and timely objection.

**ARGUMENT**

Plaintiffs anticipate that counsel for Union Pacific Railroad may attempt to introduce evidence regarding what the City, County, or District did or did not do with respect to the maintenance, construction, or repairs to flooding structures, or flooded lands is irrelevant to whether or not the railroad track and drainage structures caused the flooding at issue.

If Union Pacific Railroad Company truly believed that the actions or inactions of the City, the County, and/or the District contributed to Plaintiffs' damages, then it should have brought those entities into this lawsuit. However, neither the City, the County, nor the

District is on trial in the present action, and, in any event, evidence regarding their action or inaction is irrelevant to whether Defendant was negligent.

Furthermore, the suggestion that the City, the County, and/or the District might have been able to take measures to alleviate the flooding caused by Union Pacific Railroad Company is completely irrelevant to the question of whether Unio Pacific Railroad Company is liable for causing it in the first place. Accordingly, all such evidence should be excluded under Fed. R. Evid. 401 and 402.

Even if such evidence were somehow found to be relevant, any probative value would be substantially outweighed by the danger of unfair prejudice, confusion, and misleading of the jury. Presentation to the jury of self-serving and incomplete evidence regarding action or inaction by any other entities will distract the jurors from the case's principal issue: whether or not Union Pacific's negligence of failing to maintain their drainage structure with the required duty of care caused the flooding on Plaintiffs' property.

WHEREFORE, Plaintiffs request that this Court enter an order directing that the Defendant's counsel, Defendant, and any witness called on the Defendant's behalf be instructed to refrain from any mention or interrogation directly or indirectly in any manner whatsoever including the offering of documentary evidence concerning the matters set forth in this Motion in Limine without first requesting and obtaining a ruling from the Court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this case in regard to any alleged theory of admissibility of such matter.

Respectfully Submitted,
LASSITER & CASSINELLI
ATTORNEYS FOR PLAINTIFFS
300 S. Spring St. Ste. 800
Little Rock, AR 72201
T: 501-370-9300
F: 501-370-9306

| | | |
|---|---|---|
| Robert E. Hodge III | Lee D. Curry | Amanda D. Kennedy |
| AR Bar No. 2011097 | AR Bar No. 2014153 | AR Bar No. 2019136 |
| rob@lcarklaw.com | lee@lcarklaw.com | amanda@lcarklaw.com |