IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| DAREL ADELSBERGER AND ANNETTE ADELSBERGER | | PLAINTIFFS |
| v. | CASE NO.: 4:21-CV-00471 | |
| UNION PACIFIC RAILROAD COMPANY | | DEFENDANT |

## UNION PACIFIC'S TRIAL BRIEF

Comes now the Defendant, Union Pacific Railroad Company ("Union Pacific"), and for its Trial Brief, states:

### I. INCORPORATION OF PREVIOUS MOTIONS.

Union Pacific previously filed a motion for partial summary judgment on the statute of limitations, a motion to exclude Dr. Overton, and a motion in limine regarding various evidentiary matters. Union Pacific incorporates those motions and briefs into this Trial Brief as constituting the majority of the legal issues in this case.

### II. LOST PROFITS.

Plaintiffs have submitted a jury instruction regarding lost profits as an element of damages. In addition, last week, Plaintiffs sent Union Pacific a settlement proposal that was based upon a lost profit damage calculation. See Exhibit 1 attached hereto. This was the first time that Union Pacific was provided any lost profit calculation in this case and without any ability to determine how this calculation was created, who created it, or any basis for the numbers. There was no damage computation ever provided in the Plaintiffs' initial disclosures (as required), in response to discovery requests, in response to the duces tecum to the notice of Plaintiff's depositions, or in

1

any of the depositions. *See e.g. Yang v. Neb.*, No. 4:17-cv-3073, 2020 WL 3172544, at *4 (D. Neb. June 15, 2020) (plaintiff's disclosures deemed deficient for failing to provide damages computation). Union Pacific is prejudiced by this lack of disclosure as it would have had a forensic accountant testify at trial. Accordingly, Plaintiffs should be prohibited from having any witness testify about this alleged damage calculation as argued in Union Pacific's Motion in Limine. Further, however, this calculation is improper under Arkansas law and should not be allowed.

To recover lost profits, an established business must prove with "reasonable certainty" that the profits would have been realized. *Black v. Hogsett*, 145 Ark. 178, 182, 224 S.W. 439, 440 (1920). Only the net loss is recoverable. *Interstate Oil Supply Co. v. Troutman Oil Co.*, 334 Ark. 1, 972 S.W.2d 941 (1998); *Ishie v. Kelley*, 302 Ark. 112, 114, 788 S.W.2d 225, 226 (1990).

Union Pacific previously briefed (in its Motion in Limine) the argument that Plaintiffs cannot present this lost profit calculation because it was not timely disclosed and because there is no competent witness to present the information to the jury. Lost profit calculations generally come from an economist. No expert was disclosed on this issue. Regardless, if Plaintiffs intend to present the lost profit calculation it provided in the settlement demand, that calculation is improper at a matter of law.

Plaintiffs' tax returns show the net profits that they made. However, under Plaintiffs' lost profit calculations, operating expenses such as advertising, insurance, telephone, internet, travel, and legal expenses are added back in to arrive at "adjusted net income." In reality, adding these operating expenses back in results in a gross income number. Plaintiffs then compare the averages of these gross income numbers before January 1, 2016 and after January 1, 2016 to arrive at their purported lost profits.

This is an incorrect way to calculate damages because gross earnings do not reflect net losses. As the Arkansas Supreme Court explained:

> Where, as here, it is evident that the only figures are gross amounts rather than net, with no basis from which a jury could reasonably infer the approximate net earnings of the plaintiff, any resulting verdict is based on conjecture.

*Ishie v. Kelley*, 302 Ark. 112, 114, 788 S.W.2d 225, 226 (1990).

Union Pacific anticipates that Plaintiffs will point to a contract case, *Interstate Oil & Supply Co. v. Troutman Oil Co.*, 334 Ark. 1, 972 S.W.2d 941 (1998) as authority to add back in fixed overhead expenses. In *Interstate Oil & Supply*, Troutman was a wholesaler that contracted to purchase Interstate's distribution operation and for Interstate to assist in retaining customers. *Id*. at *4. Troutman contended that Interstate breached the contract and failed to assist in retaining customers, thereby losing the business. *Id*. The Court allowed fixed overhead expenses to be added back into the net profit calculation, explaining:

> According to one commentator, the weight of authority holds that fixed overhead expenses need not be deducted from gross income to arrive at the net profit properly recoverable. The rationale behind this rule is that overhead continues whether or not the **contract** in question has been breached. If overhead is deduced, thereby reducing recoverable damages, the effect is to reduce the profitability of other contracts by forcing them to bear a disproportionate share of fixed costs.

*Id*. at *7 (citations omitted) (emphasis added). In other words, in a contract case, there is consideration that precludes diminishing the value of the contract. Here, in this case of alleged negligent flooding, that rational is not applicable. There is no contractual interest being diminished and no reason for requiring Union Pacific to bear Plaintiffs' operating expenses. Accordingly, these expenses should not be added back in to create the illusion of higher profits and higher net losses.

Respectfully submitted,

Scott Tucker, #87176
Jamie Huffman Jones, #2003125
FRIDAY, ELDREDEGE & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
501-370-1430 – phone
501-244-5347 – fax
jjones@fridayfirm.com
tucker@fridayfirm.com

*Attorneys for Union Pacific*