IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DAREL ADELSBERGER
AND ANNETTE ADELSBERGER
                                                                                     PLAINTIFFS

v.                              Case No. 4:21-cv-00471

UNION PACIFIC RAILROAD COMPANY                        DEFENDANT

**UNION PACIFIC'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

      Plaintiffs assert that they have evidence of damages beyond what has already been excluded by the Court. This assertion rings hollow. Plaintiffs' response contains no damages computation, no citation to any evidence in the record relating to damages, and no number that Plaintiffs propose to put in front of the jury. Instead, Plaintiffs' response again shows that lost profits comprise their only claim for damages. *See* Ct. Doc. 86, Pls. Resp. Br. at 1 ("Plaintiffs seek money damages for lost business income resulting from the damages to the property, which serves as an auto salvage yard."). The Court has already excluded Plaintiffs' evidence of "lost business income" as too speculative—and did so after giving Plaintiffs more than one chance to come forward with admissible evidence. In their response, Plaintiffs have failed to make a sufficient showing of damages to stave off summary judgment.

      Despite Plaintiffs' contention to the contrary, summary judgment is not a drastic remedy; instead, it is "as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986))). Plaintiffs' time to put up admissible proof of damages has long expired. Rather than granting a directed verdict at trial, in the interest of judicial economy, Union Pacific asks the Court to grant summary judgment now.

**Argument**

Plaintiffs do not dispute that damages is an essential element of their case. In its opening brief, Union Pacific cited numerous cases for the proposition that once evidence of damages is ruled inadmissible, summary judgment is appropriate where damages is a required element. Ct. Doc. 84, Def. Sum. J. Br. at 4-6. Plaintiffs attempt to distinguish these cases by arguing that the basis for excluding the damages evidence was a discovery sanction under Rule 37 rather than the evidence being excluded as too speculative like the Court did here. Ct. Doc. 86, Pls. Resp. Br. at 3. However, this is a distinction without a difference. The point is that once evidence of damages becomes inadmissible—for whatever reason—any claim that requires such evidence must be dismissed. The reason why the evidence was ruled inadmissible is immaterial. And while Plaintiffs take issue with Union Pacific's reliance on cases from "far-flung jurisdictions" like New York, North Carolina, Florida, and California, it should be noted that Plaintiffs cited *zero* cases from any jurisdiction in opposition. There is no authority for allowing Plaintiffs' claim to proceed without evidence on a required element of their case.

Even so, dismissal for discovery violations is also appropriate here. Plaintiffs never provided the damages computation required by Federal Rule of Civil Procedure 26 and never supplemented their discovery responses to state any damages other than "lost revenue." Nor did they bring any evidence of damages to their depositions as they were required to do by the subpoena duces tecums attached to their deposition notices. Plaintiffs do not dispute these facts. Instead they state that they "were working diligently on providing exactly such a computation of damages to Defendant . . . . [but] the final computation of damages was an ever-changing number." Ct. Doc. 86, Defs. Br. at 5. To this day, Plaintiffs have failed to produce any damages computation to support their negligence claim. Plaintiffs argue that Union Pacific "failed to complain" about

2

the lack of a damages computation, but this misses the point: Federal Rule of Civil Procedure 26 makes the computation mandatory.

Plaintiffs also assert that summary judgment would deny them their day in Court and that their testimony alone is evidence of damages. This is incorrect. Plaintiffs refiled their case on March 29, 2021 and have had almost two years to come up with the required proof.  They have failed to do so, thereby warranting summary judgment.

As to Plaintiffs' testimony, they fail to set forth what testimony they intend to offer at trial to establish damages. As noted above, Plaintiffs' interrogatory answer listed only "lost revenue" when asked to itemize each element of damage they are seeking. *See* Ex. 1. Plaintiffs testified in their depositions that the only documentation of their damages were their tax returns—which again goes to lost profits. *See* Ex. 2, Dep. Tr. at 7:8-8:4; Ex. 3, Dep. Tr. at 8:5-25, 9:1-15. Plaintiffs argue they are entitled to tell the jury "their own experiences of their damages" based on *Hammond v. Northland Counseling Center, Inc.*, but that case is inapplicable. *See* Ct. Doc. 86, Pls. Resp. Br. at 4. In *Hammond*, the plaintiff brought a whistleblower claim under the False Claims Act (FCA). The trial court granted the defendant's motion for summary judgment, but the Eighth Circuit reversed. In doing so, the court noted that the FCA "explicitly mandates compensation for any special damages sustained as a result of the discrimination" and that Ms. Hammond had submitted sufficient evidence to create a genuine issue of material fact as to whether she was entitled to damages for emotional distress. The Court also reversed the summary judgment because the FCA allows damages for attorney fees and litigation costs.

Unlike *Hammond*, Plaintiffs here have made a common law negligence claim under Arkansas law.  Arkansas does not recognize a cause of action for negligent infliction of emotional distress. *Dowty v. Riggs*, 2010 Ark. 465, at 6, 385 S.W.3d 117, 120 (2010). Emotional distress

damages are only recoverable if there has been a physical injury. *Id.* ("The reason that mental suffering unaccompanied by physical injury is not considered as an element of recoverable damages is that it is deemed to be too remote, uncertain, and difficult of ascertainment; and the reason that such suffering is allowed as an element of damages, when accompanied by physical injury, is that the two are so intimately connected that both must be considered because of the difficulty in separating them.") (citations omitted). Additionally, attorneys fees are not recoverable under Arkansas law absent statutory authority. *Med. Liab. Mut. Ins. Co. v. Alan Curtis Enterprises, Inc.*, 373 Ark. 525, 531, 285 S.W.3d 233, 238 (2008). No such authority exists here.

Lastly, it should be noted that Plaintiffs filed their own statement of undisputed facts in contravention of local rules and this Court's scheduling order.[1] Indeed, Plaintiffs failed to deny (or even respond to) Union Pacific's statement of undisputed material facts as required by Local Rule 56.1. Per that rule, uncontroverted facts are deemed admitted. Local Rule 56.1(c). Here, the admission of the facts as stated by Union Pacific further shows that Plaintiffs' only claim for damages is lost profits and in turn, they lack admissible evidence on a required element of their cause of action. Therefore, Union Pacific respectfully requests that summary judgment be entered in its favor.

Respectfully submitted,

Scott Tucker, #87176
Jamie Huffman Jones, #2003125
FRIDAY, ELDREDEGE & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
501-370-1430 – phone
jjones@fridayfirm.com
tucker@fridayfirm.com
*Attorneys for Union Pacific Railroad Company*

---

[1] Union Pacific denies paragraphs 2, 3, and 4 in the statement of facts filed by Plaintiffs. In any event, Plaintiffs' "facts" are irrelevant to this Court's ruling on summary judgment.