IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF
ARKANSAS CENTRAL DIVISION

**DAREL ADELSBERGER AND ANNETTE ADELSBERGER**      **PLAINTIFFS**

**V.**      **CASE NO. 4:21CV00471-JM**

**UNION PACIFIC RAILROAD COMPANY**      **DEFENDANT**

**PLAINTIFFS' RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

COME NOW the Plaintiffs, and for their Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents to Plaintiff, hereby respond as follows:

**PLAINTIFFS' RESPONSES TO FIRST SET OF INTEROGATORIES**

**INTERROGATORY 1**: Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.

    **RESPONSE**: Information and documents were compiled by the plaintiffs and their attorney of record.

**INTERROGATORY 2**: Identify every person who is expected to be called to testify at trial, including your experts and consulting experts whose work has been reviewed by your testifying experts, and provide a brief summary of each witness's expected testimony.

    **RESPONSE**: The plaintiff has not identified witnesses to be called at trial and will need to complete discovery before making a determination. At present, anticipated witnesses include the plaintiffs and their employees/contractors as well as surrounding landowners, employees of the defendant and employees of Waste Management who will

**EXHIBIT 1**

1

general description of each photograph.

**INTERROGATORY 6**: Describe the nature and extent of the damage you allege was caused to the Plaintiffs' property as a result of any flooding; include in your response what specific areas of the Property or Buildings were damaged, the extent of the damage, when the damage occurred whether the damage has been repaired, who repaired it, and the cost of the repairs.

> **RESPONSE**: Water regularly flooded the North portion of the property and accumulated over approximately forty percent of the parcel. The water damaged automobile parts intended for resale and prevented the plaintiffs from fully accessing the property for storage and retrieval of automobiles and parts. The plaintiffs were unable to contain the flooding or repair the damage.

**INTERROGATORY 7**: Itemize each element of damage, including any actual damages, lost profits, special damages and /or consequential damages, for which you sue and state that dollar amount you seek for each element, both past and future if applicable.

> **RESPONSE**: The plaintiffs' revenue declined steadily after 2013 because of the flooding and inability to use their property. Lost revenue for 2016-2018 is calculated as follows:
>
> Average annual gross sales 2012-2013 was $1,265,130; gross sales for 2016-2018 were $771,612, $724,730 and $618,323, respectively. The decline in sales during 2016 through 2018 totaled $1,710,725. Using AA Auto's average gross profit margin of 50.61%, the 2016-2018 loss of revenue totals $865,737. Figures for 2019, 2020, and 2021 have not yet been compiled. Plaintiffs will supplement accordingly upon determination of lost revenue.

**INTERROGATORY 8**: Identify any and all efforts you have made to mitigate your damages.

> **RESPONSE**: To the extent possible, vehicles and parts were stored outside flooding

**RESPONSE**: The plaintiffs have no such statements aside from financial statements provided herein.

**REQUEST 14**: Produce all documents supporting your claim for damages; including actual damages, lost profits, special damages and/or consequential damages, including any documents evidencing business income and expenses.

    **RESPONSE**: See documents referenced herein.

**REQUEST 15**: Produce all documents and evidence reviewed by Jerry Overton, Ph.D., P.G., including all documents specifically referenced in the January 5, 2016 Overton Expert Report, including but not limited to raw data concerning the survey referenced in the report of Jerry Overton.

    **RESPONSE**: The plaintiffs previously commissioned the ATOKA report and their counsel is searching for the final report. All such information is in the possession and control of Dr. Jerry Overton, and the plaintiffs will assist the defendant's representatives in reviewing or obtaining copies of such information.

**REQUEST 16**: Produce all invoices or receipts for repairs to the Property relating to the subjectmatter of this lawsuit.

    **RESPONSE**: All work was performed by the plaintiffs and their employees. Unless contained within the plaintiffs' business records that may be reviewed by the defendant, such documents do not exist.

**REQUEST 17**: Produce all invoices from any expert retained by Plaintiffs in this litigation.

    **RESPONSE**: ATOKA has not been retained for "this" litigation but was previously retained.

**REQUEST 18**: Produce any and all surveys, including the raw data gathered or used to support the survey, concerning the Plaintiff's property, Union Pacific's property, Waste Management's property, and any other property related to this lawsuit.

    **RESPONSE**: See response to Request for Production No. 15.

documents.

**REQUEST 31:** Produce all evidence concerning anything, regardless of its location, that restricted or affected flow of water from Plaintiff's property to Union Pacific's property and ontoor off of Waste Management's property.

**RESPONSE**: All evidence currently in the plaintiffs' possession is referenced herein.

Additional evidence will be obtained through discovery.

**REQUEST 32**: Produce all documents, tangible things, reports, data, and evidence reviewed, relied upon, or created by any of your experts, including consulting experts whose work was reviewed or relied upon by one of your testifying experts.

**RESPONSE**: Except for the ATOKA report, all such information is understood to be in the possession of Dr. Jerry Overton.

                                              Respectfully Submitted,

                                              **DAREL ADELSBERGER**
                                              **ANNETTE ADELSBERGER**

By:    ***/s/Robert E. Hodge III***
           Robert E. Hodge III
           AR Bar No. 2011097
           Attorney for Plaintiffs
           Lassiter & Cassinelli
           300 S. Spring Suite 800
           Little Rock, AR 72201
           T: (501) 404-4874
           F: (501) 404-4865
           rob@lcarklaw.com