IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DAREL ADELSBERGER                                                       PLAINTIFFS
AND ANNETTE ADELSBERGER

V.                               Case No. 4:21-cv-00471

UNION PACIFIC RAILROAD COMPANY                                          DEFENDANT

## ORDER

Darel and Annette Adelsberger own property adjacent to railroad tracks used and maintained by Union Pacific. They allege that Union Pacific was negligent in maintaining a culvert that resulted in flooding on their property and damage to their auto salvage business. Pending is a motion for summary judgment filed by Defendant Union Pacific Railroad Company ("Union Pacific"). (Doc. 82). For the reasons stated below, the motion is granted.

### Procedural History

A scheduling order entered March 1, 2022 set the trial of this case for September 19, 2022. Dispositive motions were due by July 6, 2022, and motions in limine were due by September 8, 2022. Union Pacific submitted a motion for partial summary judgment on the statute of limitations that was granted. (Doc. Nos. 17, 40). Both parties filed numerous motions in limine on the deadline. One of Union Pacific's motions in limine asked the Court to exclude Plaintiffs' evidence of lost profits on the basis that it was too speculative. (Doc. No. 48, p. 6).

Six days before the trial was set to begin, Plaintiffs sought a continuance due to the unexpected unavailability of their expert. The trial was taken off the docket, and a hearing on the motions in limine was held September 21, 2022. At the hearing, the

Court took Union Pacific's motion in limine on the issue of lost profits under advisement, and Plaintiffs were given an opportunity to submit further argument. After consideration of the Adelsbergers' memorandum letter to the Court (Doc. No. 73) and Union Pacific's reply (Doc. No. 78), the Court entered an order on December 6, 2022 granting Union Pacific's motion in limine on the issue of lost profits. The Court concluded that the evidence offered by Plaintiffs did not rise above the level of speculation, and the jury would not be allowed to hear their evidence of lost profits.[1]

Meanwhile, a new trial date was set for April 3, 2023. In the final scheduling order (Doc. No. 72), no new dates were given for dispositive motions, the deadline having passed. On January 25, 2023, Union Pacific sought leave to file a motion for summary judgment in light of the Court's ruling excluding Plaintiff' evidence of lost profits. The Court granted the motion for reasons of judicial economy. (Doc. No. 81).

Analysis

Union Pacific argues that since the Court granted its motion in limine excluding the Plaintiffs' evidence of lost profits—which it asserts is Plaintiffs' only element of damage—it is entitled to summary judgment. Plaintiffs make several arguments in response. First, they argue that, although it was granted leave by the Court, Union Pacific's motion for summary judgment is untimely. Second, they challenge the relevance of the cases cited by Union Pacific. Third, they argue they have evidence of

---

[1] "Lost profits must be proved by evidence that makes it reasonably certain the profits would have been made" but for the negligence of the defendant. *City of Little Rock v. Alexander Apartments, LLC*, 592 S.W.3d 224, 233 (Ark. 2020) (citing *Am. Fid. Fire Ins. Co. v. Kennedy Bros. Constr.*, 670 S.W.2d 798, 799 (1984)). A plaintiff must "present a reasonably complete set of figures and not leave the fact-finder to speculate as to whether there could have been any profits." *Id*

damages other than lost profits. Finally, Plaintiffs "most fundamentally" assert that they are entitled to their day in court, without which they will be prevented from testifying "to their own experiences and sensory perceptions of the damages to their property" and "to communicate the wrongs committed against them." (Doc. No. 86, p 6).

      A party may file a motion for summary judgment at any time until 30 days after the close of all discovery "unless a different time is set by local rule or the court orders otherwise." Fed. R. Civ. P. 56. Plaintiffs have not argued that they were prejudiced by the Court's decision to allow the motion to be filed out of time. The trial had been reset, at Plaintiffs' request, approximately six months out from its September setting. Plaintiffs responded to the motion for summary judgment without asserting the needed more discovery to fully respond. The evidentiary issue in the summary judgment motion had been thoroughly argued in the context of Union Pacific's motion in limine. At the September 21, 2022 hearing, the Court gave Plaintiffs additional time to produce more evidence to support their defense to Union Pacific's motion in limine, which they did. The Court is not persuaded by Plaintiffs' untimeliness argument.

      Plaintiffs argue that the cases relied on by Union Pacific are limited to the proposition that granting summary judgment following the exclusion of evidence is an appropriate punitive response for discovery violations. However, regardless of whether evidence is excluded for discovery sanctions or for being too speculative as in this case, summary judgment is appropriate when a plaintiff does not come forward with proof that a fact question remains on an essential element of its claim.

      Turning now to Plaintiffs' argument that they have asserted evidence of damage other

than lost profits.[2] Their complaint alleged the following elements of damage: past and future loss of the full use of their real property; damage to real and personal property; business interruption and losses; and decreased value of both real and personal property." (Doc. No. 2, ¶ 14). Immediately prior to the September 19, 2022 trial setting, Plaintiffs submitted proposed jury instructions seeking to recover for two elements of damage: lost profits and "[t]he reasonable expense of necessary repairs to any property which was damaged, plus compensation for any loss of its usable value during the time that Annette and Darel Adelsberger were deprived of its use." *See* AMI 2224. Significantly, in response to an interrogatory asking about the nature and extent of their damages, "including actual damages, lost profits, special damages, and or consequential damages," Plaintiffs only submitted evidence to support a claim for lost profits.[3] Plaintiffs did not supplement their discovery at any time to provide notice to Union Pacific that they would be seeking elements of damages other than lost profits.

Plaintiffs have not submitted any evidence from which a jury could have determined any other element of damages. Union Pacific successfully moved in limine to prohibit Plaintiffs from introducing documents that could have supported a claim for damage to the inventory but which

---

[2] In their brief Plaintiffs argue that "For example, though lost profits calculations have been ruled inadmissible, . . .  [.] Plaintiffs' testimony of their experiences, what they have seen, heard, and experienced on their property over the last several years, has not been ruled inadmissible." (Doc. No. 86, p.4).

[3] Plaintiffs' Response to Interrogatory No. 7: "The plaintiffs' revenue declined steadily after 2013 because of the flooding and inability to use their property. Lost revenue for 2016-2018 is calculated as follows: Average annual gross sales 2012- 2013 was $1,265,130; gross sales for 2016-2018 were $771,612, $724,730 and $618,323, respectively. The decline in sales during 2016 through 2018 totaled $1,710,725. Using AA Auto's average gross profit margin of 50.61%, the 2016-2018 loss of revenue totals $865,737. Figures for 2019, 2020, and 2021 have not yet been compiled. Plaintiffs will supplement accordingly upon determination of lost revenue.). (Doc. No. 88-1, p. 2).

had not been timely produced.[4] In response to Union Pacific's motion for summary judgment, Plaintiffs presented a "statement of facts showing a dispute to be tried" in which they claimed that their property "has become unusable for the business purposes for which it was previously used to due water seepage and collection on the land." (Doc. No. 97, ¶ 2.) However, Plaintiff did not supply any evidence in support of their response from which a fact finder could have determined an amount to award for any damage to the land.

Finally, the Court understands the frustrations of Plaintiffs who are not getting to present their case to a jury. Plaintiffs filed this action over two years ago seeking relief for damages they believe to have been caused over the course of a number of years by Union Pacific. However, "Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). "The standard for granting summary judgment mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...." *Id.* at 232 (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986)) (cleaned up). For these reasons, Union Pacific's motion for summary judgment (Doc. No. 82) is granted.

IT IS SO ORDERED this 13th day of July, 2023.

_____
UNITED STATES DISTRICT JUDGE

---

[4] At the motion in limine hearing, Plaintiffs' counsel conceded that those damages would have arisen outside the statute of limitations, and Plaintiffs were not intending to rely on the documents